# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Daniel M.,                                                    Case No. 18-cv-3296-KMM

        Plaintiff,

v.                                                                        **ORDER**

Andrew Saul,

        Defendant.

_____

      The above matter came before the undersigned on January 8, 2020 upon Plaintiff's Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 19). The Court heard oral argument on the matter and then ruled on the record at the hearing. The Court carefully explained its reasoning during its ruling from the bench, and this order is intended to briefly restate that ruling.

      The Court's evaluation of an ALJ's determination is performed with great deference to the ALJ. *See Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004). The Court reviews the ALJ's conclusions to determine whether they are consistent with the law and whether they are supported by substantial evidence in the record as a whole. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006); *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). Where substantial evidence supports the Commissioner's findings, the Court should not reverse those findings merely because other evidence exists in the record to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994).

Mr. M. argued that the ALJ erred when she found that his medically determinable mental impairments of childhood anxiety and depression were not severe. He argued that the case should have been remanded because the ALJ's determination was not supported by substantial evidence. The Court found that this argument did not carry the day for several reasons. First, Mr. M. had no actual mental health diagnosis in the relevant time period; nor was there a record of any mental health treatment. There was a single recommendation that Mr. M. pursue a psychological evaluation, but there was no record that the recommendation was followed during the relevant time period. The Court also found that neither the school records nor any testimony were enough to connect Mr. M.'s decline in academic performance to his mental health. Indeed, there was an indication that Mr. M. was able to achieve some measure of academic success in the relevant time period. While he did drop out of high school, he reenrolled and obtained his diploma, and also attended community college for a time. Dropping out of an educational program alone cannot lead the Court to infer a disability.

Finally, the Court found that the ALJ properly discussed and evaluated the retrospective medical opinions in her decision. There was no error in giving little to no weight to the opinions, particularly when none of the retrospective opinions were completed by medical sources who treated Mr. M. during the relevant time period, and at least one care provider did not meet him until a decade after he turned 22. Because there was no corroboration of the retrospective opinions through contemporaneous diagnostic testing or treatment, they amount to mere speculation and cannot support a finding of disability.

Accordingly, upon all of the files, records and proceedings herein, and for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED
2. Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED.

Dated: January 21, 2020

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge